1 | **Leon Simson,** OSB No. 753429
(Lead Attorney)
2 |     Direct Dial: (503) 802-2067
    Facsimile: (503) 972-3767
3 |     E-Mail: leon.simson@tonkon.com
**David S. Aman**, OSB No. 962106
4 |     Direct Dial: (503) 802-2053
    Facsimile: (503) 972-3753
5 |     E-Mail: david.aman@tonkon.com
**Haley B. Bjerk**, OSB No. 062760
6 |     Direct Dial: (503) 802-5765
    Facsimile: (503) 972-7465
7 |     E-Mail: haley.bjerk@tonkon.com
**TONKON TORP LLP**
8 | 1600 Pioneer Tower
888 S.W. Fifth Avenue
9 | Portland, OR 97204

10 |       Attorneys for Chapter 11 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Summit Accommodators, Inc., dba Summit 1031 Exchange,<br>                    Debtor. | Case No. 08-37031-rld11 |
| **KEVIN D. PADRICK, CHAPTER 11 TRUSTEE,**<br><br>                    Plaintiff,<br><br>        v.<br><br>**MARK A. NEUMAN; BRIAN STEVENS; LANE D. LYONS; and TIMOTHY LARKIN,**<br><br>                    Defendants. | Adv. Pro. No. -09-3086-rld<br><br>**COMPLAINT**<br><br>(Breach of Fiduciary Duty; Conversion; Professional Negligence; Civil Conspiracy; Aiding and Abetting; Implied in Law Contract; Constructive Trust; Accounting; Injunctive Relief) |

**Page 1 of 8**-  COMPLAINT

Kevin D. Padrick, Chapter 11 Trustee, alleges as follows:

**PARTIES**

1. Kevin D. Padrick is the duly-appointed Chapter 11 Trustee ("Trustee") in the above-captioned bankruptcy proceeding.

2. Summit Accommodators, Inc. is the Debtor ("Debtor") in the above-captioned bankruptcy proceeding.

3. Defendant Lane D. Lyons ("Lyons") is an individual residing in Oregon and at all material times was an officer, agent and shareholder of Debtor.

4. Defendant Timothy Larkin ("Larkin") is an individual residing in Oregon and at all material times was an officer, agent and shareholder of Debtor.

5. Defendant Mark Neuman ("Neuman") is an individual residing in Oregon and at all material times was an officer, agent and shareholder of Debtor. Defendant Neuman was also a certified public accountant, licensed in the State of Oregon.

6. Defendant Brian Stevens ("Stevens") is an individual residing in Oregon and at all material times was an officer, agent and shareholder of Debtor. Defendant Stevens was also a certified public accountant, licensed in the State of Oregon.

7. Inland Capital Corp. ("Inland") is an Oregon corporation, which at all material times was owned and controlled by the Defendants.

8. Three Sisters Development Co., Inc. ("Three Sisters") is an Oregon corporation, which at all material times was owned and controlled by the Defendants.

**JURISDICTION AND VENUE**

9. Jurisdiction in this adversary proceeding arises pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a). This is a core proceeding under 28 U.S.C. § 157(b)(2).

* * * * *

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

## GENERAL ALLEGATIONS

11. At all material times, Debtor was in the business of facilitating "1031 exchanges," transactions in which taxpayers are able to defer capital gains taxes by exchanging like-kind properties. As a necessary part of many 1031 exchanges, Debtor's clients (that is, the taxpayers using the Debtor's exchange services) were required to deposit funds or authorize the deposit of funds ("Exchange Funds") into accounts controlled by Debtor. The Debtor agreed to hold the Exchange Funds for the benefit of Debtor's clients.

12. Some or all of the Defendants improperly transferred and/or loaned millions of dollars in Exchange Funds to Debtor's affiliate, Inland, for the personal benefit and use of some or all of the Defendants. Some or all of the Defendants further caused Inland to transfer and/or loan funds from Inland to other related entities and persons for the personal benefit or use of some or all of the Defendants.

13. As a result of these improper transfers and/or loans, Debtor is now unable to return Exchange Funds to certain of Debtor's clients ("Exchange Creditors"), in an amount exceeding $13 million. In some cases, Exchange Creditors were also unable to complete their 1031 exchanges, causing them to lose the tax benefit of the 1031 exchange.

14. Some or all of the Defendants also continued to induce Exchange Creditors to deposit funds into accounts controlled by Debtor, during a time period in which the exchange account balances were insufficient to cover the amounts owing on the current 1031 exchanges that Debtor was handling. As a result, money received from new Exchange Creditors, during this time, was being used to fund other 1031 exchanges.

## FIRST CLAIM FOR RELIEF

**(Breach of Fiduciary Duty Owing to Exchange Creditors - Against All Defendants)**

15. Trustee realleges all preceding paragraphs.

16. Defendants owe and owed fiduciary duties to the Exchange Creditors, including the duties of undivided loyalty, honesty and due care.

Page 3 of 8 - COMPLAINT

17. Some or all of the Defendants breached their fiduciary duties to the Exchange Creditors by using and diverting the Exchange Funds for the personal benefit of some or all of the Defendants, including by transferring and/or lending the Exchange Funds to Inland and by causing Inland to transfer and/or loan money to some or all of the Defendants and other related entities and persons. Any Defendants that did not breach the fiduciary duties they owe and owed to the Exchange Creditors in the manner described in the preceding sentence, breached their fiduciary duties to the Exchange Creditors by failing to exercise due care to discover and discontinue the diversion of Exchange Funds for the personal benefit of some or all of the Defendants.

18. The Defendants' breaches of their fiduciary duties caused substantial damage to the Exchange Creditors, in an amount exceeding $13 million.

## SECOND CLAIM FOR RELIEF

**(Breach of Fiduciary Duty Owing to Debtor - Against All Defendants)**

19. Trustee realleges all preceding paragraphs.

20. Defendants owed fiduciary duties to Debtor in their capacity as Debtor's officers, employees and/or agents, including the duties of undivided loyalty, honesty and due care.

21. Some or all of the Defendants breached their fiduciary duties to Debtor by using and/or diverting funds belonging to Debtor and/or Debtor's clients for the personal benefit of some or all of the Defendants. Any Defendants that did not breach the fiduciary duties they owed to Debtor in the manner described in the preceding sentence, breached their fiduciary duties to the Debtor by failing to exercise due care to discover and discontinue the diversion of funds belonging to Debtor or Debtor's clients for the personal benefit of some or all of the Defendants.

22. Defendants' conduct has damaged Debtor in an amount exceeding $13 million.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 09-03086-rld    Doc 1    Filed 03/13/09

## THIRD CLAIM FOR RELIEF

### (Conversion - Against All Defendants)

23. Trustee realleges all preceding paragraphs.

24. Defendants caused or otherwise enabled or allowed the transfer and/or loan of the Exchange Funds and/or other funds from Debtor to Inland for the personal benefit or use of some or all the Defendants. Defendants thus converted the Exchange Funds and/or other funds.

25. The Exchange Creditors and Debtor have been damaged by Defendants' conversion of the Exchange Funds and/or other funds, in an amount exceeding $13 million.

## FOURTH CLAIM FOR RELIEF

### (Professional Negligence – Against All Defendants)

26. Trustee realleges all preceding paragraphs.

27. Defendants (including Defendants Stevens and Neuman, both of whom were licensed accountants) were engaged in providing financial and/or tax planning advice to the Exchange Creditors. As such, Defendants owed a duty to the Exchange Creditors to exercise due care and to advise the Exchange Creditors in a manner that was financially sound and prudent.

28. Defendants breached that duty by advising the Exchange Creditors to place funds in accounts that Defendants knew or should have known were unsafe and subject to an unreasonable risk of loss.

29. Defendants' breaches of the aforementioned duty caused damage to the Exchange Creditors, in an amount exceeding $13 million.

## FIFTH CLAIM FOR RELIEF

### (Civil Conspiracy/Aiding and Abetting - Against All Defendants)

30. Trustee realleges all preceding paragraphs.

Page 5 of 8- COMPLAINT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440
Case 09-03086-rld    Doc 1    Filed 03/13/09

1    31. Each of the Defendants knew or had reason to know that the other
2  Defendants' conduct as alleged above was tortious.
3    32. Defendants' tortious conduct was pursuant to a plan or agreement
4  among all of them. Moreover, each of the Defendants encouraged and substantially assisted
5  the other Defendants in their tortious conduct.
6    33. Defendants are jointly and severally liable for all other Defendants'
7  tortious conduct, in an amount exceeding $13 million.

**SIXTH CLAIM FOR RELIEF**

**(Implied-in-Law Contract with Exchange Creditors – Against All Defendants)**

10    34. Trustee realleges all preceding paragraphs.
11    35. The Exchange Creditors conferred a benefit on the Defendants, in the
12  form of depositing the Exchange Funds in accounts controlled by Debtor that were ultimately
13  transferred and/or loaned for the personal benefit or use of some or all of the Defendants.
14    36. Defendants were aware of the benefit conferred on them by the
15  Exchange Creditors.
16    37. It would be unjust to allow Defendants to retain the benefit conferred
17  on them by the Exchange Creditors.

**SEVENTH CLAIM FOR RELIEF**

**(Implied-in-Law Contract with Debtor – Against All Defendants)**

20    38. Trustee realleges all preceding paragraphs.
21    39. The Debtor conferred a benefit on the Defendants, in the form of the
22  transfer and/or loan of funds to Inland that were ultimately transferred and/or loaned for the
23  personal benefit or use of some or all of the Defendants.
24    40. Defendants were aware of the benefit conferred on them by the
25  Debtor.
26  * * * * *

Page 6 of 8- COMPLAINT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

41. It would be unjust to allow Defendants to retain the benefit conferred on them by Debtor.

## EIGHTH CLAIM FOR RELIEF

**(Constructive Trust/Accounting – Against All Defendants)**

42. Trustee realleges all preceding paragraphs.

43. Trustee is entitled to a declaration that the Defendants hold the Exchange Funds, as well as any other money and/or assets held or controlled by the Defendants, in constructive trust for the benefit of the Exchange Creditors and Debtor.

44. Trustee is also entitled to an order temporarily, preliminarily and permanently enjoining Defendants from transferring or otherwise using Exchange Funds and any other money or assets in Defendants' possession or control, and for the remedy of prejudgment attachment.

45. Trustee is further entitled to an accounting from Defendants of all transactions involving, using or traceable to any Exchange Funds or other funds from Debtor.

WHEREFORE, Trustee prays for judgment against the Defendants as follows:

A. Finding in favor of Trustee on all of the claims for relief;

B. Awarding damages against the Defendants in an amount exceeding $13 million;

C. Declaring that Defendants hold the Exchange Funds, as well as any other money and/or assets held or controlled by the Defendants, in constructive trust for the benefit of the Exchange Creditors and Debtor;

D. Requiring Defendants to provide an accounting of all transactions involving, using or traceable to any Exchange Funds or any other funds diverted from Debtor;

* * * * *

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1       E. Temporarily, preliminarily and permanently enjoining Defendants from transferring or otherwise using Exchange Funds and other money or assets in Defendants' possession or control, and ordering the remedy of prejudgment attachment;

4       F. Awarding costs and disbursements to the Trustee; and,

5       G. Granting such other and further relief as the Court deems just and/or equitable.

DATED this 13th day of March, 2009.

TONKON TORP LLP

By */s/ Leon Simson*
Leon Simson, OSB No. 753429 (Lead Attorney)
David S. Aman, OSB No. 962106
Haley B. Bjerk, OSB No. 062760
888 S.W. Fifth Avenue, Suite 1600
Portland, OR 97204-2099
Telephone: 503-221-1440
Facsimile: 503-274-8779
E-mail: leon.simson@tonkon.com
         david.aman@tonkon.com
         haley.bjerk@tonkon.com
Attorneys for Chapter 11 Trustee

097204\00001\1504509 V001

Page 8 of 8 - COMPLAINT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 09-03086-rld   Doc 1   Filed 03/13/09