Below is a Judgment of the Court. If the judgment is for
money, the applicable judgment interest rate is: 0.34%.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 08-37031-rld11 |
| Summit Accommodators, Inc., dba Summit 1031 Exchange, | |
| Debtor. | |
| Kevin D. Padrick, Chapter 11 Trustee, | Adv. Proc. No. 09-3086-rld |
| Plaintiff, | **JUDGMENT** |
| v. | |
| Mark A. Neuman; Brian Stevens; Lane D. Lyons; and Timothy Larkin, | |
| Defendants. | |

Based on the stipulation of the parties, IT IS ORDERED AND ADJUDGED

that judgment is entered in the above-referenced adversary proceeding as follows:

       1.    On the Seventh Claim for Relief of the Amended Complaint, for

breach of an implied in law contract, judgment is entered in favor of plaintiff and against

**Page 1 of 15** - JUDGMENT

defendants, severally, as follows:

        a.     Against Defendant Mark A. Neuman, for damages in the amount of $7.5 million.

        b.     Against Defendant Brian Stevens, for damages in the amount of $7.5 million.

        c.     Against Defendant Timothy Larkin, for damages in the amount of $900,000.

        d.     Against Defendant Lane D. Lyons, for damages in the amount of $900,000.

        2.     Enforcement of this Judgment against each of the Defendants, or any of them, is subject to the terms of a settlement agreement (a copy of which is attached as Exhibit A hereto), which includes a covenant not to execute that applies only according to the terms of the settlement agreement.

        3.     On the Ninth Claim for Relief in the Amended Complaint, for turnover pursuant to 11 U.S.C. § 542, judgment is entered in favor of plaintiff and against defendants consistent with paragraph 1 of the Court's Order dated May 4, 2009 (Docket No. 44) ("Turnover Order"). Pursuant to the Turnover Order, all of the assets and property held by or in the name of defendant Mark Neuman, Lane Lyons, Brian Stevens and Tim Larkin, except for the Excluded Assets listed on the attached Exhibits 1, 2, 3 and 4 ("Subject Assets"), were and are deemed property of Summit Accommodators, Inc. and the Defendants' interests in the Subject Assets were and are turned over to the Trustee. The Subject Assets included, but were not limited to, any interest that the Defendants had in the property and/or assets listed on the attached Exhibit 5. The Subject Assets were and are deemed property of the estate pursuant to 11 U.S.C. §§ 363, 541, and 542, and the Trustee has the power to use, sell, lease, dispose of and otherwise exercise all rights of ownership in the Subject Assets to the fullest

**Page 2 of 15** - JUDGMENT

extent allowed by law. To the extent that there are pending or have been any sales or transfers of the Subject Assets, the proceeds from such sales or transfers were and are property of the estate.

4. Any injunction entered in this adversary proceeding, in the First Amended Joint Plan of Reorganization, and in the Order Granting Final Approval of Disclosure Statement and Confirming First Amended Joint Plan of Reorganization (Docket No. 389) or otherwise, restricting the Defendants' use and transfer of the Excluded Assets is hereby lifted.

5. The remaining claims for relief in the Amended Complaint (Claims 1 through 6 and Claim 8) are dismissed without prejudice and without fees and costs to any party.

# # #

Presented by:

TONKON TORP LLP

By  */s/ David S. Aman*
    Leon Simson, OSB No. 753429 (Lead Attorney)
    David S. Aman, OSB No. 962106
    Haley B. Bjerk, OSB No. 062760
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR  97204-2099
    Telephone:   503-221-1440
    Facsimile:   503-274-8779
    E-mail:      leon.simson@tonkon.com
               david.aman@tonkon.com
               haley.bjerk@tonkon.com
    Attorneys for Chapter 11 Trustee

cc:    List of Interested Parties

**Page 3 of 15** - JUDGMENT

**EXHIBIT 1**

**ASSETS OF LANE D. LYONS EXCLUDED**
**FROM TURNOVER**

1.  Personal residence located at 19570 Buck Canyon Rd., Bend, Oregon 97702, owned jointly with spouse as tenants by the entirety.

2.  Household furnishings and personalty in the residence and detached garage.

3.  Personal checking and savings accounts held with wife: $32,000 total.

4.  Cash or cash equivalents on hand: $12,000 total.

5.  Retainers held by attorneys: $13,000.

6.  Automobile: 2006 Dodge Pickup, 2000 Chevrolet Suburban.

7.  Other personalty: Boat, Motorcycle, ATV, Snowmobiles (2), Cargo Trailer, Pickup Camper.

8.  Business checking account for Lyons and Co., PC, and any interest in Lyons and Co., PC, an Oregon professional corporation, or its personalty—office equipment, computers.

9.  Units of ownership in MFG Operations, LLC, the operating entity of the Blacksmith Restaurant in Bend, Oregon.

10. Term Life Insurance policies (no cash value) on Lyons and wife, with Northwest Mutual.

11. §529 college savings account for Lyons' children: approximately $3,000.

12. All income derived from future personal services.

13. In addition to the above, all assets entitled to exemption under any applicable state or federal law.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204

Case 09-03086-rld   Doc 105   Filed 03/02/10

# EXHIBIT 2

## ASSETS OF TIMOTHY LARKIN EXCLUDED
## FROM TURNOVER

1. Homestead located at 4700 W Antler Avenue, Redmond, Oregon.

2. Household goods and furnishings.

3. 2005 Toyota Tundra double cab pickup truck.

4. 1973 Triumph TR-6.

5. 1971 Triumph TR-6.

6. Two Polaris 4-wheel off-road vehicles.

7. Attorney trust accounts: Janet Hoffman: $20,000 (with a $5,500 invoice due for December and unknown amounts due for January and February); Paul R. Bocci, Jr.: approx. $23,000 (net of unbilled time); Greene & Markley: $5,000 (for defense of the Tennant litigation).

8. Cash: $9,750.

9. Bank of the Cascades account: $49,862.06.

10. Liberty Bank money market account: $29,142.17.

11. Liberty Bank household checking: $470.01.

12. 401(k) retirement account of approximately $20,000.

13. All income derived from future personal services.

14. In addition to the above, all assets entitled to exemption under any applicable state or federal law.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**EXHIBIT 3**

**ASSETS OF MARK NEUMAN EXCLUDED
FROM TURNOVER**

1. Household furnishings and personal possessions in the residence and garage (jointly owned).

2. Personal checking accounts held jointly with spouse. (Neuman's share-less than $6,000).

3. Cash or cash equivalents on hand. Total: $3,800.

4. TDAmeritrade Account (jointly owned): Balance $14,500. Mark's share of value: $7,250.

5. Autos (jointly owned): 2003 Jeep Liberty, 2001 Toyota 4Runner, 2004 Jeep Grand Cherokee, 2003 GMC Denali, 1973 Triumph TR6, 1971 Triumph TR6.

6. Roth IRA (solely owned): Gross FMV $188,000.

7. Motor home (jointly owned).

8. Chris Craft (50% owned).

9. Term life insurance policies (no cash value) with AICPA Insurance Trust.

10. Accounting Practice (assets and income).

11. Professional Retainers (civil and criminal lawyers) (current balances- approx $66,000).

12. All income derived from future personal services.

13. Personal residence located at 2922 NW Moore Court, Bend, Oregon (based on Neuman's agreement to move out of his residence at 18775 Macalpine Loop, Bend, OR 97702, within 45 days of the date this Order is entered).

14. In addition to the above, all assets entitled to exemption under any applicable state or federal law.

**Page 6 of 16** - ORDER ON TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

# EXHIBIT 4

## ASSETS OF BRIAN STEVENS EXCLUDED
## FROM TURNOVER

1.    Savings account – Navy Federal Credit Union:  $300.

2.    Columbia River Bank stock:  $1,000.

3.    Retainers with attorneys:  $35,000.

4.    CSV of life insurance:  $4,000.

5.    HSA Bank medical reimbursement:  $500.

6.    CPA and consulting businesses.

7.    IRAs (FiServ and Fidelty):  $189,600.

8.    Principal residence at 197 NW Outlook, Bend, Oregon.

9.    Vehicles:  2004 Pacifica, 2005 Pacifica, 2001 Yukon, 2002 Class C motorhome, 2001 Ford Taurus.

10.   Checking account (Bank of Cascades):  $3,000.

11.   Schwab account:  $3,500.

12.   Household furnishings, clothing and computers.

13.   Grand piano.

14.   All income derived from future personal services.

15.   Monthly income (not to exceed $150 per month) from Bradford Drilling Associates XX, LP.

16.   In addition to the above, all assets entitled to exemption under any applicable state or federal law.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**EXHIBIT 5**

**NON-EXHAUSTIVE LIST OF ASSETS DEEMED
PROPERTY OF SUMMIT ACCOMMODATORS, INC.**

**Interests in the following entities:**

VSN Properties, LLC

Ashley Ranch, LLC

Blue Sky Buildings, LLC

Century Drive Mobile Home Park, LLC

Century Exchange, Inc.

CFalls Investments, LLC

Corney Investments, LLC

Culver Crossing, LLC

Doctors Court II, LLC

Emmett Ranch, LLC

Fraser Enterprises, LLC

Galveston Point, LLC

Gannon Point, LLC

Hope Ranch Properties, LLC

Hunter Ranch, LLC

Inland Capital Corp.

John Day River Development, LLC

Jordan Capital, LLC

Jordan River Development, LLC

KEB Antler Investments, LLC

Klondike Point, LLC

**Page 8 of 15** - JUDGMENT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Lindy Point Properties, LLC

Main Street Quarter, LLC

Marken Heights Development Corp.

Mountain Park, LLC

Neuman Family, LLC

Oasis Estates, LLC

Odell Properties, LLC

Park City Investments, LLC

Powell Butte Investments, LLC

Quinn River Ranch, LLC

Riley Coyote, LLC

SDC Investments, LLC

Shelly Properties, LLC

Sisters Mobile Home Park TIC

Smith Brothers Pushrods, LLC

SoCo Investments, LLC

Stacy Point Investments, LLC

Stone Mountain, LLC

Summit CPA Group, LLP

Summit Accommodators, Inc.

Summit Accommodators Portland, LLC

Summit 1031 Exchange, LLC (Idaho)

Summit 1031 Exchange, LLC (Montana)

Summit 1031 Exchange, LLC (Nevada)

Summit 1031 Exchange, Inc. (Texas)

**Page 9 of 15** - JUDGMENT

Summit 1031 Exchange, LLC (Utah)

Summit 1031 Exchange, Inc. (Washington)

Summit 1031 Exchange, LLC (Wyoming)

Touchstone Properties I, LLC

Travis Ranch, LLC

Three Sisters Development, Inc.

Glacier Bridge, LLC

Carpathian Mtn. Development, LLC

Harz Mtn. Development, LLC

RSN Properties, LLC


**Interests in the following real property (listed by State/Country):**

Oregon:

Parcel 2, Partition Plat No. 2002-90, Deschutes County, OR

744 NW Broadway Street, Bend, OR 97701

1005 NW Galveston Ave., Bend, OR 97701

1567 SW Chandler Ave., Bend, OR 97702

68656 Highway 20, Sisters, OR 97759

4175 SW Canal Blvd, Redmond, OR 97756

4183 SW Canal Blvd, Redmond, OR 97756

62958 Layton Ave., Bend, OR 97701

265 NW Franklin Ave., Bend, OR 97701

5800 W 1st Ave., Culver, OR 97734

63475 Hamehook Rd., Bend, OR 97701

63465 Hamehook Rd., Bend, OR 97701


**Page 10 of 15** - JUDGMENT

141 SW 15th St., Bend, OR 97702ÿ

1600 SW Simpson Ave., Bend, OR 97702

2049 SE Portola Dr., Grants Pass, OR 97526

3167 NW Quiet River Ln., Bend, OR 97701

1771 NW 35th St., Redmond, OR 97756

6101 SW Powell Butte Hwy., Powell Butte, OR 97753

Lots 1 through 21, Tract 1387 – WHISPERING MEADOWS, according to the official plat thereof on file in the office of the County Clerk of Klamath County, Oregon, except Lots 9, 16, 19 and 20.

63013 Lower Meadow Drive, Bend, OR 97701

63019 Lower Meadow Drive, Bend, OR 97701

North Brinson Business Park Phase I Lot: 28, Deschutes County, OR; Map/Tax lot # 17-12-21-ac-00200

20434 Ahha Ln., Bend, OR 97702

2403 SW 29th St., Redmond, OR 97756

1241 SW 33rd St., Redmond, OR  97756

Lot 5, Block 14 Valhalla Heights Phase 4, Deschutes County, OR; Lots 1-23 of the Marken Heights Subdivision

18775 Macalpine Loop, Bend, OR 97702

88605 Nautilus Ct., Florence, OR 97439

63565 Deschutes Market Rd., Bend, OR 97701

1771 NW 35th St., Redmond, OR 97756

Lot 32, North Rim on Awbrey Butte, Phase 2, Deschutes County, OR

Maplots 1615 800; 1615 800 AO2 & 800 AO3; 1615 800 AO4 AO5; 1615 1000; and 1615 1800 Deschutes County, OR

17483 Grebe Rd., Bend, OR 97707

Lots 15 and 16 in Block 10 of Wiestoria Addition to Bend, Deschutes County, OR

**Page 11 of 15** - JUDGMENT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1644 SE Riviera Dr., Bend, OR 97702

1724 NE Hollow Tree Ln., Bend, OR 97701

2808 SW Reindeer Ave., Redmond, OR 97756

61496 Ward Rd., Bend, OR 97702

86 NW Allen Rd., Bend, OR 97702

15775 Dawn Rd., La Pine, OR 97739

6101 SW Powell Butte Hwy., Powell Butte, OR 97753

6105 SW Powell Butte Hwy., Powell Butte, OR 97753

5 SW Roosevelt Ave., Bend, OR 97702

63210 Cole Rd., Bend, OR 97701

64650 Highway 97, Bend, OR 97701; Maplot 16-12-35-00-00700 Deschutes County, OR

Maplot 17-13-00-00-03200, and 17-13-00-00-03201 Deschutes County, OR

56245 Delta Dr., Blue River, OR 97413

700 SW Ramsey Ave., Grants Pass, OR 97527

61598 River Rd., Bend OR 97702

61653 Cedarwood Rd., Bend, OR 97702

61657 Cedarwood Rd., Bend, OR 97702

19907 Ashwood Dr., Bend, OR 97702

409 N Locust Lane, Sisters, OR 97759

429 N Locust Lane, Sisters, OR 97759

449 N Locust Lane, Sisters, OR 97759

18830 Macalpine Loop, Bend, OR 97702

1493 NW Remarkable Dr., Bend, OR 97701

7201 SE Weatherby Loop, Prineville, OR 97754

7297 SE Weatherby Loop, Prineville, OR 97754

**Page 12 of 15** - JUDGMENT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

6084 NW Foster St., Prineville, OR 97754

6352 NW Foster St., Prineville, OR 97754

6102 NW Foster St., Prineville, OR 97754

6223 NW Foster St., Prineville, OR 97754

6279 NW Gray St., Prineville, OR 97754

6327 NW Elliot St., Prineville, OR 97754

11670 NW Irvine St., Prineville, OR 97754

11554 NW Houston Ave., Prineville, OR 97754

11574 NW Houston Ave., Prineville, OR 97754

11590 NW Houston Ave., Prineville, OR 97754

14060 NE Ochoco Highway, Prineville, OR 97754

4949 S.W. Highland Ave., Redmond, OR 97756

Lot 1, Block 3, La Pine Acres, Deschutes County, OR

Lots 29 through 38, Block 5, La Pine Acres, Deschutes County, OR

Lots 41 through 43, Block 5, La Pine Acres, Deschutes County, OR

Lots 5, 6 and 7, Block 6, La Pine Acres, Deschutes County, OR

Lots 27 and 28, Block 5, First Addition to Deschutes River Acres, Deschutes County, OR

Lots 31 and 32, Block 5, First Addition to Deschutes River Acres, Deschutes County, OR

Lots 34, 35 and 36, Block 5, First Addition to Deschutes River Acres, Deschutes County, OR

15595 Dorrance Meadow Rd., La Pine, OR 97739

51575 Dorrance Meadow Rd., La Pine, OR 97739

51581 Dorrance Meadow Rd., La Pine, OR 97739

51596 Dorrance Meadow Rd., La Pine, OR 97739

51861 Dorrance Meadow Rd., La Pine, OR 97739

15595 River Drive, La Pine, OR 97739

**Page 13 of 15** - JUDGMENT

51520 Reeve Court, La Pine, OR 97739

15522 Deer Ave., La Pine, OR 97739

Maplot 26-13-02BC TL 2900, 3000, 3200, 3300; Coos County, OR

Arizona:

5246 E. Lee St., Tucson, AZ 85712

5521 E. Water St., Tucson, AZ 85712

2508 S. Forgeus Ave., Tucson, AZ 85713

4720 N. Rio Vista Dr., Tucson, AZ 85749

8018 E. 8th St., Tucson, AZ 85710

3631 S. 7th Ave., Tucson, AZ 85713

447 35th St., Tucson, AZ 85713

512 E. Speedway Blvd., Tucson, AZ 85711

514 E. Speedway Blvd., Tucson, AZ 85711

339 W. 19th St., Tucson, AZ 85701

2844 E. 21st St., Tucson, AZ 85713

149 E. 25th St., Tucson, AZ 85713

3762 E. 5th St., Tucson, AZ 85711

10485 E. Observatory Dr., Vail, AZ 85750

1211 S. Rook Ave., Tucson, AZ 85711

1121 S. Tyndall Ave., Tucson, AZ 85719

1730 N. Campbell Ave., Tucson, AZ 85719

Lots 7, 23 and 24, Fullhouse Estates, according to Book 22 of Plats, page 26, records of Navajo County, AZ

Lot 98, Fawn Brook, according to Book 11 of Plats, page 19, records of Navajo County, AZ

4281 S. Khe Sahn Ln., Tucson, AZ 85735

1750 N. Stone Ave., Tucson, AZ 85705

**Page 14 of 15** - JUDGMENT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204

Colorado:

3405 Eastman Dr., Boulder, CO 80305

Idaho:

161 Sugarloaf Pl., Cascade, ID 83611

23 Bannock Circle, Lot 12 Block 28, Victor, ID 83455

56 Rammell Rd., Lot 20 Block 7, Victor, ID 83455

Montana:

179 Schrade Rd., Kalispell, MT 59901

7 Main St., Kalispell, MT 59901

11 Main St., Kalispell, MT 59901

140 1st Avenue East, Kalispell, MT 59901

3328 Columbia Falls Stage Rd., Columbia Falls, MT 59912

7085 Highway 2 E, Columbia Falls, MT 59912

7095 Highway 2 E, Columbia Falls, MT 59912

Lot F, COS 1343, Sec 32, T5S, R1W, Ennis, MT 59729; tax lot 27244212

Texas:

2502 Kinney Rd, Austin, TX 78704

Utah:

1450 Park Ave., Park City, UT 84060

1460 Park Ave., Park City, UT 84060

6804 S 1300 E, Salt Lake City, UT 84121

Mexico:

Unit 3, Lot 4, Corales St., Puerto Escondido, Mexico

**Page 15 of 15** - JUDGMENT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

## SETTLEMENT AGREEMENT

This Settlement Agreement is by and between Kevin D. Padrick, in his capacity as Chapter 11 Trustee of the bankrupt estate of Summit Accommodators, Inc. and as trustee of the Summit Accommodators Liquidating Trust ("Padrick"), on the one hand, and Mark A. Neuman ("Neuman"), Brian Stevens ("Stevens"), Lane D. Lyons ("Lyons") and Timothy Larkin ("Larkin") (collectively, "Defendants"), on the other hand.

## RECITALS

**A.** On December 19, 2008, Summit Accommodators, Inc. ("Summit") filed a voluntary petition for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code. The case was filed in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court") and styled as *In re Summit Accommodators, Inc.,* Case No. 08-37031-rld (the "Bankruptcy Case"). Kevin Padrick was appointed the Chapter 11 Trustee for the bankrupt estate of Summit Accommodators, Inc. (the "Estate") in the Bankruptcy Case on or about February 17, 2009.

**B.** On or about March 13, 2009, Padrick, in his capacity as Chapter 11 Trustee, filed an adversary proceeding against the Defendants, styled as *Padrick v. Neuman,* Case No. 09-3086-rld (the "Action"). The Amended Complaint in the Action included Nine Claims for Relief, including an implied-in-law contract claim ("Seventh Claim for Relief") and a claim for turnover of certain assets pursuant to 11 U.S.C. § 542 ("Ninth Claim for Relief").

**C.** On or about March 25, 2009, Padrick filed a motion for an order to show cause seeking, among other things, the remedy of prejudgment attachment on the Defendants' assets. The Court granted Padrick's motion and issued an order to that effect ("Attachment Order," docket entry No. 22). Pursuant to the Attachment Order, Padrick was granted the remedy of prejudgment attachment against all of the Defendants' assets, subject to certain enumerated exclusions (the "Excluded Assets"). Padrick subsequently recorded attachment liens (the "Attachment Liens") in the county recorders' offices throughout Oregon.

**D.** On or about April 15, 2009, Padrick moved for summary judgment on his Seventh, Eighth and Ninth Claims for Relief in the Action. The Court granted summary judgment in Padrick's favor on the Ninth Claim for Relief, and an order was entered to that effect ("Turnover Order," docket entry No. 44). Pursuant to the Turnover Order, the Defendants' assets were turned over to Padrick as property of the estate ("Turnover Assets") with the exception of the Excluded Assets. The summary judgment motion on the Eighth and Ninth Claims for Relief was set for hearing on December 2, 2009.

**E.** Padrick and the Defendants have reached a resolution of the Action.

WHEREFORE, Padrick and the Defendants agree as follows:

## AGREEMENT

### 1.  Judgment.

1.1.    The Defendants shall stipulate to the entry of a final judgment (the "Judgment") in the Action, in substantially the form set forth in the attached Exhibit 1 (along with a signed copy of this Agreement). The Judgment shall provide for a final judgment in favor of Padrick and against the Defendants on the Ninth Claim for Relief (consistent with the Turnover Order) and on the Seventh Claim for Relief in the respective amounts set forth below:

1.1(a). Neuman: $7.5 million

1.1(b). Stevens: $7.5 million

1.1(c). Lyons: $900,000

1.1(d). Larkin: $900,000

1.2.    The judgment amounts reflected in 1.1 above are _after_ any credits or offsets relating to amounts the Trustee has realized or in the future realizes from the liquidation or other use of the Turnover Assets. The Defendants shall receive no further credits or offsets relating to the Turnover Assets. The judgment amounts shall also be several, such that each of the Defendants will receive no credits or offsets relating to the other Defendants' partial or full satisfaction of their respective portion of the Judgment. Any other credits or offsets towards the Judgment will be as allowed by law.

1.3.    The Judgment shall also provide for the dismissal without prejudice of the remaining Claims for Relief 1 through 6 and 8 of the Amended Complaint (collectively, the "Remaining Claims"). Padrick (or, as applicable, his assignee or subrogee) shall have the right to re-file the Remaining Claims at any time and for any reason in any state or federal court of competent jurisdiction, in Padrick's (or his assignee's or subrogee's) sole discretion. The Defendants, and each of them, agree that none of them, singularly or collectively, shall file a declaratory judgment action at any time relating to the Remaining Claims. The Defendants, and each of them, retain all defenses to the Remaining Claims, other than as specifically provided in this Agreement or otherwise as provided by law.

1.4.    The Judgment shall further provide that any injunction entered in the Action, the First Amended Joint Plan of Reorganization, and in the Order Granting Final Approval of Disclosure Statement and Confirming First Amended Joint Plan of Reorganization (Docket No. 389) restricting the Defendants' use and transfer of Excluded Assets shall be lifted.

### 2.  Tolling.
The statute of limitations shall be tolled with respect to the Remaining Claims for the period ("Tolling Period") from March 13, 2009, up through and including three years and ninety days from the date the Judgment is entered with the Bankruptcy Court ("Entry

of Judgment"). The Defendants hereby waive and agree not to assert any defenses (including laches, waiver, estoppel or the like) based on any purported delay by Padrick (or any assignee or subrogee) relating to the Tolling Period.

### 3. Preservation of Subrogation Rights.

3.1.    The Defendants acknowledge and understand that third parties, such as the primary and excess insurers that issued Summit's commercial crime policies, may have subrogation rights ("Subrogees") arising out of or relating to the facts and circumstances that were alleged in the Amended Complaint, and that in exercising those subrogation rights, the Subrogees may pursue recovery from the Defendants. The Defendants agree that all such subrogation rights are expressly preserved and that this Agreement shall be construed so as not to impact or impair those subrogation rights in any way. Among other things, the Defendants acknowledge, understand and agree that the Subrogees shall have the right, where applicable, to: (a) pursue the Remaining Claims with the benefit of the tolling provision in Section 2 above; (b) pursue a claim for damages on the Seventh Claim for Relief in an amount greater than the amounts provided for in Section 1.1 above (by way of example, the Subrogees may pursue a claim for damages in excess of $900,000 against Lyons on an implied in law contract theory); and, (c) execute on or otherwise enforce the Judgment (but only to the extent such third parties become the owner and holder of the Judgment by rights of subrogation as allowed by law or any applicable insurance policy or contract).

3.2.    To the extent that Padrick enters into any settlement agreement or compromise with any Subrogee, Padrick shall not transfer to the Subrogee any rights that are broader or greater than the subrogation rights the Subrogee would otherwise have based on applicable law or any applicable insurance policy or contract.

3.3    If a Subrogee brings an action against the Defendants, or any of them, on the Remaining Claims or on the Seventh Claim for Relief in excess of the amounts provided for in Section 1.1., then the Defendants, or any of them, are not precluded by this Agreement from asserting that they are entitled to a credit or offset based on the assets turned over as a result of the Turnover Order or any other credits allowed by law.

### 4. Covenant Not to Execute.

4.1.    Padrick agrees not to execute on or otherwise enforce the Judgment for a period of three years from the date the Judgment is entered with the Bankruptcy Court, nor shall Padrick seek to register or record the Judgment in any other state or federal court during that period. This covenant not to execute shall not limit or impact the turnover of assets on the Ninth Claim for Relief as set forth in Turnover Order and Paragraph 3 of the Judgment.

4.2.    As set forth in Section 3.1 above, the covenant not to execute in Section 4.1 shall not apply in any way that would impact or impair the rights of Subrogees, including without limitation in the event any Subrogee invokes its subrogation rights, such as by requiring an assignment of the Judgment. In that event, the Subrogee(s) shall have the right to execute on or otherwise enforce the Judgment immediately.

**5. Limited Release of Trust Deeds and Release of Attachment Liens.** Padrick shall (a) within 20 business days after Entry of Judgment file the initial papers to accomplish the following and (b) exercise reasonable efforts to complete the following within 90 calendar days after Entry of Judgment:

      5.1.    Cause the release of the $5 million trust deeds executed by Stevens and Neuman in favor of Inland Capital Corp., but only with respect to the properties located at 2922 NW Moore Ct., Bend, Oregon and 197 NW Outlook Drive, Bend, Oregon. The trust deeds shall otherwise remain in effect.

      5.2    Cause the release of the Attachment Liens with respect to the Excluded Assets.

**6. Creditors' Suits Against Defendants.** Subject to the provisions of Section 3 above, to the extent that Padrick's consent is required before Summit's creditors may bring suit against the Defendants, Padrick agrees not to provide such consent for three years from the date the Judgment is entered with the Bankruptcy Court; provided, however, that Padrick may consent to such suit(s) if filed in conjunction with the Remaining Claims.

**7. Undisclosed Assets.** The restrictions and limitations on Padrick set forth in this Agreement, in particular Sections 1.1, 4.1 and 6, shall not apply to the extent that Defendants failed to disclose any of their assets ("Undisclosed Assets") prior to the entry of the Turnover Order. Padrick shall be free to pursue claims and recovery for damages against the Defendants for any Undisclosed Assets, including for amounts in excess of the amounts in Section 1.1 on the implied in law contract claim; provided, however, that the restrictions and limitations on Padrick set forth in this Agreement shall otherwise remain in effect as to the assets that were disclosed prior to entry of the Turnover Order.

**8. No Press Release.** Padrick agrees that he shall not cause the issuance of a press release relating to the settlement or the amount of the Judgment obtained.

**9. Voluntary Execution.** By signing this Settlement Agreement, the parties acknowledge that they are signing voluntarily after having read all of the contents of this Settlement Agreement and that they have had the opportunity to consult with their attorneys.

**10. Binding Effect.** This Settlement Agreement is and shall be binding upon and inure to the benefit of the parties hereto and their respective affiliates, predecessors, successors, assigns and heirs.

**11. Complete Agreement.** The parties each acknowledge that this Agreement constitutes the complete agreement between them and that it supersedes all prior agreements and understandings among the parties, that the only consideration for this Agreement is the consideration expressly described herein, that no other promise or agreement of any kind or nature has been made by any person or party whatsoever to cause the parties to execute this Agreement.

12.    **No Admission of Criminal Wrongdoing.**  Defendants state that, in entering into this Agreement, they do not make any admission of criminal wrongdoing and agree to the terms herein subject to the provisions of Federal Rule of Evidence 408 and ORS 40.190.  Defendants further state that they admit only those facts necessary to establish the Seventh and Ninth Claims for Relief and do not by entering into this Agreement admit any other facts or allegations that are the basis for the claims against them in this Action.  Padrick reserves the right to prove any and all allegations set forth in the Complaint and Amended Complaint in the Action to the extent not already admitted by virtue of the Judgment.

13.    **Counterparts and Electronic Signatures.**  This Agreement may be executed in any number of counterparts with the same effect as if all of the parties had signed the same counterpart.  All counterparts will be construed together and will constitute one and the same agreement.  A single counterpart may be introduced as evidence of the Agreement.  Signatures transmitted electronically shall have the same effect and enforceability as original signatures.

KEVIN D. PADRICK, IN HIS CAPACITY AS
CHAPTER 11 TRUSTEE OF THE SUMMIT
ACCOMMODATORS, INC. BANKRUPT ESTATE
AND AS TRUSTEE OF THE SUMMIT
ACCOMMODATORS LIQUIDATING TRUST

_____
KEVIN D. PADRICK

Dated: ___2/16/2010___


_____
LANE D. LYONS

Dated: _____


_____
TIMOTHY LARKIN

Dated: _____


_____
MARK A. NEUMAN

Dated: _____


_____
BRIAN STEVENS

Dated: _____


034894/00003/2003194v1

12.     **No Admission of Criminal Wrongdoing.** Defendants state that, in entering into this Agreement, they do not make any admission of criminal wrongdoing and agree to the terms herein subject to the provisions of Federal Rule of Evidence 408 and ORS 40.190. Defendants further state that they admit only those facts necessary to establish the Seventh and Ninth Claims for Relief and do not by entering into this Agreement admit any other facts or allegations that are the basis for the claims against them in this Action. Padrick reserves the right to prove any and all allegations set forth in the Complaint and Amended Complaint in the Action to the extent not already admitted by virtue of the Judgment.

13.     **Counterparts and Electronic Signatures.** This Agreement may be executed in any number of counterparts with the same effect as if all of the parties had signed the same counterpart. All counterparts will be construed together and will constitute one and the same agreement. A single counterpart may be introduced as evidence of the Agreement. Signatures transmitted electronically shall have the same effect and enforceability as original signatures.

KEVIN D. PADRICK, IN HIS CAPACITY AS
CHAPTER 11 TRUSTEE OF THE SUMMIT
ACCOMMODATORS, INC. BANKRUPT ESTATE
AND AS TRUSTEE OF THE SUMMIT
ACCOMMODATORS LIQUIDATING TRUST

_____
KEVIN D. PADRICK

Dated: _____

_____
LANE D. LYONS

Dated: _____

_____
TIMOTHY LARKIN

Dated: _____

_____
MARK A. NEUMAN

Dated: _____

_____
BRIAN STEVENS

Dated: _2/15/10_

034894/00003/2003194v1

12. **No Admission of Criminal Wrongdoing.** Defendants state that, in entering into this Agreement, they do not make any admission of criminal wrongdoing and agree to the terms herein subject to the provisions of Federal Rule of Evidence 408 and ORS 40.190. Defendants further state that they admit only those facts necessary to establish the Seventh and Ninth Claims for Relief and do not by entering into this Agreement admit any other facts or allegations that are the basis for the claims against them in this Action. Padrick reserves the right to prove any and all allegations set forth in the Complaint and Amended Complaint in the Action to the extent not already admitted by virtue of the Judgment.

13. **Counterparts and Electronic Signatures.** This Agreement may be executed in any number of counterparts with the same effect as if all of the parties had signed the same counterpart. All counterparts will be construed together and will constitute one and the same agreement. A single counterpart may be introduced as evidence of the Agreement. Signatures transmitted electronically shall have the same effect and enforceability as original signatures.

KEVIN D. PADRICK, IN HIS CAPACITY AS
CHAPTER 11 TRUSTEE OF THE SUMMIT
ACCOMMODATORS, INC. BANKRUPT ESTATE
AND AS TRUSTEE OF THE SUMMIT
ACCOMMODATORS LIQUIDATING TRUST

_____
KEVIN D. PADRICK

Dated: _____

_____
LANE D. LYONS

Dated: 2/17/10

_____
TIMOTHY LARKIN

Dated: _____

_____
MARK A. NEUMAN

Dated: _____

_____
BRIAN STEVENS

Dated: _____

034894/00003/2003194v1

12. **No Admission of Criminal Wrongdoing.** Defendants state that, in entering into this Agreement, they do not make any admission of criminal wrongdoing and agree to the terms herein subject to the provisions of Federal Rule of Evidence 408 and ORS 40.190. Defendants further state that they admit only those facts necessary to establish the Seventh and Ninth Claims for Relief and do not by entering into this Agreement admit any other facts or allegations that are the basis for the claims against them in this Action. Padrick reserves the right to prove any and all allegations set forth in the Complaint and Amended Complaint in the Action to the extent not already admitted by virtue of the Judgment.

13. **Counterparts and Electronic Signatures.** This Agreement may be executed in any number of counterparts with the same effect as if all of the parties had signed the same counterpart. All counterparts will be construed together and will constitute one and the same agreement. A single counterpart may be introduced as evidence of the Agreement. Signatures transmitted electronically shall have the same effect and enforceability as original signatures.

KEVIN D. PADRICK, IN HIS CAPACITY AS
CHAPTER 11 TRUSTEE OF THE SUMMIT
ACCOMMODATORS, INC. BANKRUPT ESTATE
AND AS TRUSTEE OF THE SUMMIT
ACCOMMODATORS LIQUIDATING TRUST

_____
KEVIN D. PADRICK
Dated: _____

_____          _____
LANE D. LYONS                     MARK A. NEUMAN
Dated: _____            Dated: _____

_____          _____
TIMOTHY LARKIN                    BRIAN STEVENS
Dated: _2-18-10_                  Dated: _____

034894/C0003/2003194v1

**Exhibit A
Page 8 of 9**

12.    **No Admission of Criminal Wrongdoing.** Defendants state that, in entering into this Agreement, they do not make any admission of criminal wrongdoing and agree to the terms herein subject to the provisions of Federal Rule of Evidence 408 and ORS 40.190. Defendants further state that they admit only those facts necessary to establish the Seventh and Ninth Claims for Relief and do not by entering into this Agreement admit any other facts or allegations that are the basis for the claims against them in this Action. Padrick reserves the right to prove any and all allegations set forth in the Complaint and Amended Complaint in the Action to the extent not already admitted by virtue of the Judgment.

13.    **Counterparts and Electronic Signatures.** This Agreement may be executed in any number of counterparts with the same effect as if all of the parties had signed the same counterpart. All counterparts will be construed together and will constitute one and the same agreement. A single counterpart may be introduced as evidence of the Agreement. Signatures transmitted electronically shall have the same effect and enforceability as original signatures.

KEVIN D. PADRICK, IN HIS CAPACITY AS
CHAPTER 11 TRUSTEE OF THE SUMMIT
ACCOMMODATORS, INC. BANKRUPT ESTATE
AND AS TRUSTEE OF THE SUMMIT
ACCOMMODATORS LIQUIDATING TRUST

_____
KEVIN D. PADRICK

Dated: _____


_____
LANE D. LYONS

Dated: _____


_____
TIMOTHY LARKIN

Dated: _____


_____
MARK A. NEUMAN

Dated: 2/18/10


_____
BRIAN STEVENS

Dated: _____

034894/00003/2003194v1

<u>**LIST OF INTERESTED PARTIES**</u>

*In re: Summit Accommodators, Inc. dba Summit 1031 Exchange*
*Padrick v. Neuman*
**U.S. Bankruptcy Court Adv. Proc. No. 09-03086-rld**

**ECF PARTICIPANTS:**

- DAVID S AMAN    david.aman@tonkon.com, mary.costanzo@tonkon.com
- HALEY B BJERK    haley.bjerk@tonkon.com, kellie.weber@tonkon.com
- PAUL R BOCCI    paul.bocci@gmail.com, prblaw@yahoo.com
- STEPHEN T BOYKE    steve@boykelaw.com
- ROBERT B COLEMAN    rcoleman@lawssg.com, deast@lawssg.com
- SUSAN S FORD    susanf@sussmanshank.com, ecf.susan.ford@sussmanshank.com
- JOHNSTON A MITCHELL    johnstonlaw@comcast.net, coers@comcast.net
- ROBERT R OPERA    sconnor@winthropcouchot.com,
  pj@winthropcouchot.com;ropera@winthropcouchot.com
- SHAWN P RYAN    shawn@sryanlaw.com, samantha@sryanlaw.com
- LEON SIMSON    leon.simson@tonkon.com,
  laura.lindberg@tonkon.com;shannon.sullivan@tonkon.com
- JEANETTE L THOMAS    JThomas@perkinscoie.com,
  etherrien@perkinscoie.com;docketpor@perkinscoie.com


- **NON-ECF PARTICIPANTS**

Mark Neuman
265 NW Franklin, Ste. 101
Bend, OR  97701

Robert E. Opera
Winthrop Couchot, PC
660 Newport Center Drive, #400
Newport Beach, CA  92660


034894/00001/1536775v1